**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **United States of America**, ) | |
| ) | **CASE NO. 1:14 CR 00341** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| **Terrance Chappell,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendant.** ) | |

### INTRODUCTION

This matter is before the Court upon defendant's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 242) For the following reasons, the defendant's motion is DENIED.

### FACTS

On direct appeal of defendant's conviction and sentence, the United States Court of Appeals for the Sixth Circuit summarized the case:

> This case is one in a long series of elaborate, nearly-identical sting operations conducted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). In these

1

>operations, referred to as "stash house stings," an undercover agent recruits individuals to steal a large quantity of drugs from a house protected by an armed guard. The house, the drugs, and the guards, however, are all fictional—and would-be participants are arrested before they reach the invented location. After such a sting operation, Kali Alexander, Terrance Chappell, Kenneth Flowers, Justin Maxwell, and Rasheam Nichols were arrested, tried, and convicted of conspiracy to possess with intent to distribute five or more kilograms of cocaine and using or carrying a firearm during and in relation to a drug conspiracy.

The Sixth Circuit affirmed all defendants' convictions and sentences. Now pending before the Court is defendant Terrance Chappell's Motion under §2255 to Vacate, Set Aside, or Correct Sentence.

### STANDARD OF REVIEW

28 U.S.C. §2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside, or correct his sentence upon the basis "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

### DISCUSSION

Defendant's motion sets forth eight grounds for relief which he identifies as follows: 1) probable cause, 2) entrapment, 3) jury instruction/affirmative defense, 4) actual innocence, 5) prosecutorial misconduct, 6) sentencing manipulation and sentencing entrapment, 7) ineffective

2

assistance of counsel, and 8) invalid conviction following *United States v. Davis*, 139 S.Ct. 2319 (2019).

The government first argues defendant's § 2255 motion is untimely. Because defendant's motion fails on the merits, the Court declines to reach a decision on this issue. *See Pough v. United States*, 442 F.3d 959, 965 (6th Cir. 2006) (a district court may avoid a statute of limitations question if it would be easier to simply deny relief on the merits). *See also Raybon v. United States*, 867 F.3d 625, 631 (6th Cir. 2017).

The government next argues that grounds five and six have already been raised on direct appeal and rejected by the Sixth Circuit and, consequently, cannot be relitigated here.

"A movant may not use a § 2255 motion 'to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law.'" *Scott v. United States*, 2018 WL 5879812, at *2 (6th Cir. 2018)(quoting *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999)); *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quoting *United States v. Brown*, 1995 WL 465802, at *1 (6th Cir. 1995) ("A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances.")

On direct appeal, defendant raised grounds five (prosecutorial misconduct) and six (sentencing manipulation/sentencing entrapment). The Sixth Circuit rejected the prosecutorial misconduct claim, concluding that while the comments made by the government were improper, the proof of guilt for conspiracy was strong. Accordingly, ground five fails because it was raised and rejected on direct appeal. As to ground six, this ground was raised on direct appeal and the Sixth Circuit declined to recognize sentence manipulation or sentence entrapment as valid

3

theories in this circuit.  Therefore, ground six fails as it was raised and rejected on direct appeal.

As to grounds one (probable cause), two (entrapment), and three (jury instruction/affirmative defense), the government argues these issues were not raised on direct appeal and, consequently, forfeited.  The Court agrees.  "A petitioner must raise his claims on direct appeal, '[o]therwise, the claim is procedurally defaulted' for purposes of § 2255 review." *Sullivan v. U.S.*, 587 Fed.Appx. 935, 942 (6th Cir. 2014) (quoting *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir.2001)).  In *Watt v. U.S.*, 162 Fed.Appx. 486 (6th Cir. 2006) (citing *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003)), the court explained:

> Generally, a criminal defendant cannot raise claims on federal collateral attack (e.g., a habeas petition under 28 U.S.C. § 2254 or a motion to vacate, modify or correct sentence under 28 U.S.C. § 2255) if he did not raise them in his direct federal appeal. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (citations and internal quotation marks omitted).  To obtain collateral review, a defendant must clear a significantly higher hurdle than would exist on direct appeal:
>
>> In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he must also show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent.

*Watt*, 162 Fed. Appx. at 492-493.

Defendant concedes that he did not raise grounds one, two, or three upon direct appeal.  To the extent he suggests that he failed to raise these grounds on direct appeal because of ineffective counsel, defendant has not demonstrated prejudice or actual innocence, as discussed *infra*.

In ground seven, defendant claims ineffective assistance of counsel.  To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was

4

deficient and that counsel's deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).  Counsel is presumed to have provided effective assistance, and a petitioner bears the burden of showing otherwise.  *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003).  In attempting to establish that an attorney's performance was deficient, a defendant "must show that counsel's representation fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 687-88.  An error by counsel, "even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  *Id.* at 691.  Deficiencies in counsel's performance must instead "be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."  *Id.* at 692.  It is not enough for the defendant to show "that the errors had some conceivable effect on the outcome of the proceeding" as virtually "every act or omission of counsel would meet this test."  *Id.* at 693.  To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*

Defendant argues that his attorney "made numerous [] professional errors, which have caused [him] substantial harm."  Defendant, however, does not identify what these professional errors were.  Moreover, he does not provide any discussion or argument to demonstrate either prong under *Strickland.*  This Court cannot grant habeas relief based upon such an underdeveloped claim.  *See United States v. Sandridge*, 385 F.3d 1032, 1035-36 (6th Cir. 2004)("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible

argument in the most skeletal way, leaving the court to . . . put flesh on its bones.")(internal quotations and citations omitted)

Moreover, there is nothing contained in the record which demonstrates that his counsel's performance fell below the "objective standard of reasonableness" set forth in *Strickland*. Indeed, defendant's trial counsel filed numerous motions on his behalf, including a motion to dismiss the indictment based upon entrapment. (Doc. 39) The Court denied this motion, finding that defendant had not established a lack of predisposition. (Doc. 54) Therefore, defendant cannot argue that his counsel was ineffective for failing to raise probable cause and entrapment (grounds one and two). And, based on the Court's ruling on the motion, it was not professionally unreasonable to not allege entrapment at trial. Because it was not raised at trial, counsel could not have requested a jury instruction for entrapment (ground three). Finally, defendant fails to demonstrate how the outcome at trial would have been different due to these "professional errors" and, therefore, he does not show prejudice. Accordingly, defendant's ineffective assistance of counsel claim (ground seven) must fail.

Defendant also maintains that he is actually innocent because the "facts do not support the charge" (ground four). Similar to his ineffective assistance of counsel claim, defendant does not specify what charge he is actually innocent of and does not provide any argument to support this ground for relief. Moreover, as the government points out, defendant admitted in a post-arrest interview that he was aware of the plan to rob the stash house and that he was carrying a pistol that day. For these reasons, ground four is without merit.

Finally, defendant argues that his conviction under § 924(c)(1)(A)(i) is void following *United States v. Davis*, 139 S.Ct. 2319 (2019), because the conspiracy predicate used to support

6

this conviction is not a valid drug trafficking crime (ground eight).

§ 924(c) authorizes heightened criminal penalties for using, carrying, or possessing a firearm in connection with any federal crime of violence or drug trafficking crime. In *Davis*, the United States Supreme Court held that § 924(c)(3)(B)'s residual clause defining a "crime of violence" is unconstitutionally vague. Recognizing that § 924(c)(3)(B) requires "exactly the same categorical approach that this Court found problematic in the residual clauses of the ACCA and § 16," the *Davis* court concluded that it is likewise unconstitutional. Although *Davis* addressed the definition of "crime of violence," defendant maintains that this Court must apply the reasoning of *Davis* and use a categorical approach in evaluating the definition of "drug trafficking crime" under § 924(c)(2) and, in so doing, vacate the conviction.[1]

The government argues that while *Davis* held that applying the categorical approach to a crimes of violence definition using the residual clause under § 924(c)(3)(B) was unconstitutional, it did not mandate that any other sections of 924(c) also require the same categorical approach, such as drug trafficking offenses. Rather, *Davis*, like *Johnson* and

---

[1] In his motion, defendant references the Supreme Court's then-pending decision of *Shular v. United States*, to support his argument that this Court must use a categorical approach in evaluating the definition of "drug trafficking crime" under § 924(c)(2). The Supreme Court decided *Shular v. United States*, 140 S.Ct. 779 (2020) on February 26, 2020, after both defendant and the government filed their respective briefs in this case. The Court has reviewed the *Shular* decision carefully and finds that it is unsupportive of defendant's position. In *Shular*, the Supreme Court used a categorical approach to determine whether a state "serious drug offense" would qualify for a sentence enhancement under the Armed Career Criminal Act ("ACCA"). However, this approach is not applicable to the facts presented here. Indeed, under the ACCA, what constitutes a state "serious drug offense" involves the interpretation of a state statute. Conversely, what is considered a "drug trafficking crime" is specifically defined in the Controlled Substances Act. *See* 18 U.S.C. § 924(c)(2).

*Dimaya*, took issue with the categorical approach to the residual clause in the context of a crime of violence.  Because defendant was convicted of a drug conspiracy under 21 U.S.C. § 846 which is a "drug trafficking crime" as defined by § 924, his § 924(c) conviction was not affected by *Davis*.  For the following reasons, the Court agrees with the government.

In holding that § 924(c)(3)(B)'s residual clause is unconstitutionally vague, the Supreme Court in *Davis* recognized that the clause requires "exactly the same categorical approach that this Court found problematic in the residual clauses of the ACCA and [18 U.S.C.] § 16."  But, *Davis* addressed the residual clause defining a "crime of violence," *Johnson v. United States*, 135 S.Ct. 2551 (2015), addressed the ACCA's residual clause defining a "violent felony," and *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), addressed § 16's residual clause defining "crime of violence."  Thus, at issue in these cases were the residual clauses in the context of crimes of violence and none addressed a drug trafficking offense.

Other courts have concluded that "drug trafficking crimes do not raise residual clause issues and remain valid § 924 predicates after *Davis*."  *Carver v. United States*, 2019 WL 4891046 at *3 (M.D.Ga. Aug. 14, 2019) (citing *In re Cannon*, 931 F.3d 1236, 1243 (11th Cir. 2019) and *In re Navarro*, 931 F.3d. 1298, 1302 (11th Cir. 2019) (Defendant could not make the required showing to file a second or successive § 2255 petition because his "§ 924(c) conviction is fully supported by his drug-trafficking crimes, and it therefore is outside the scope of *Davis*, which invalidated only § 924(c)(3)(B)'s residual clause relating to crimes of violence.")).  *See also Sanders v. United States*, 2019 WL 7372703 at *1 (N.D. Ohio Dec. 31, 2019) ("*Davis* does not discuss the definition of 'drug trafficking crime.'"); *Bell v. United States*, 2020 WL 2217255, *3 (D. Md. May 7, 2020) ("The definition of a 'drug trafficking crime' does not contain the

8

residual clause language that has been found unconstitutionally vague in *Johnson*, *Dimaya*, and *Davis*.")

§ 924(c)(1) authorizes the heightened penalty for carrying a firearm in relation to a drug trafficking crime. § 924(c)(2) defines " 'drug trafficking crime' [as] any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et. seq.)..." Defendant was convicted of conspiracy to drug trafficking in violation of 21 U.S.C. § 846, a felony under the Controlled Substances Act. *See Baugh v. United States*, 2020 WL 409728 at *4 (M.D.Tenn. Jan. 24, 2020) ("[A] conspiracy to possess cocaine with intent to distribute still qualifies as a drug-trafficking crime, which is defined by the statute to include 'any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)'") Accordingly, defendant's § 846 conspiracy conviction meets the definition of "drug trafficking crime" and his § 924(c) penalty was not affected by *Davis*.

For these reasons, all grounds for relief fail.

**CONCLUSION**

For the foregoing reasons, defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P.22(b).

IT IS SO ORDERED.

                                               /s/ Patricia A. Gaughan
                                              PATRICIA A. GAUGHAN
                                              United States District Judge
Dated: 5/26/20                        Chief Judge